**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **IN RE: Cases Transferred to TNMD from In re: Taxotere (Docetaxel) Products Liability Litigation, MDL No. 16-2740 (LAED)** | **District Judge William L. Campbell, Jr. Magistrate Judge Barbara D. Holmes** |
| **ALMA GREEN**<br><br>v.<br><br>**SANOFI US SERVICES, INC.** *et al.* | **Case No. 1:23-cv-00036** |
| **SYLVIA JACKSON**<br><br>v.<br><br>**SANOFI US SERVICES, INC.** *et al.* | **Case No. 3:23-cv-00553** |
| **FAYE BYRD**<br><br>v.<br><br>**SANOFI US SERVICES, INC.** *et al.* | **Case No. 3:23-cv-01137** |
| **JANIE WALKER**<br><br>v.<br><br>**SANOFI US SERVICES, INC.** *et al.* | **Case No. 3:23-cv-01228** |

## OMNIBUS INITIAL CASE MANAGEMENT ORDER[1]

---

[1] This Omnibus Initial Case Management Order supersedes and replaces the Initial Case Management Order (Docket No. 25) and the First Modified Case Management Order (Docket No. 27) in *Alma Green v. Sanofi US Services et al.*, Case No. 1:23-cv-0003.

1

A case management conference was held on November 28, 2023. Counsel participating were: Harley Ratliff, Matthew Edward LaPaz, Crews Townsend, and Erin Steelman[2] for Defendants; Roger Layne for Plaintiffs Alma Green and Faye Byrd; Rachel Richardson for Plaintiff Faye Byrd; Russell Lewis for Plaintiff Sylvia Jackson; and, John Carey for Plaintiff Janie Walker. From the parties' collective and joint proposed initial case management order filed on November 27, 2023, and discussion during the initial case management conference, and pursuant to Local Rule 16.01, and the Court's order for practices and procedures in these related cases, the following case management schedule and plan is adopted:

A.    **JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

B.    **BRIEF THEORIES OF THE PARTIES:**

For Plaintiff: Plaintiffs allege that they sustained permanent hair loss when they took Taxotere, a chemotherapy drug used for the treatment of early-stage breast cancer and manufactured by Defendants. Plaintiffs assert products liability claims alleging that Taxotere was defective because its label failed to warn about this risk associated with the drug.

For Defendants: Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively "Sanofi") dispute all of Plaintiffs' claims. Sanofi contends that the Taxotere label was approved by the FDA and has always contained accurate, scientifically based information that enables doctors to make informed decisions about the benefits and risks of prescribing Taxotere for its approved indication.

C.    **ISSUES RESOLVED:** Jurisdiction and venue.

---

[2] Ms. Steelman has not yet entered an appearance on behalf of Defendants, because she was waiting to be admitted to the Court's bar, which has now occurred. She must therefore promptly enter an appearance if she intends to further participate in this case on behalf of Defendants. *See* Local Rule 83.01(e)(1).

**D.     ISSUES STILL IN DISPUTE:** Liability and damages.

**E.     INITIAL DISCLOSURES:** This case, before remand, was part of *In re: Taxotere (Docetaxel) Products Liability Litigation*, Case No. 2:16-md-02740, a multidistrict litigation ("MDL") consolidated in the Eastern District of Louisiana. The parties state, and the Court concurs, that Rule 26(a)(1) initial disclosures are not necessary in this case due to prior discovery completed in the MDL. The parties in the MDL stipulated to forgo these disclosures.

**F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties in each case must make a minimum of two independent, substantive attempts to resolve this case. By no later than **October 21, 2024,** the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement. The parties' joint reports must state the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations.

The parties' second attempt must be by mediation, which must be concluded by no later than **March 18, 2025**. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b), that is, within **two (2) business days** of the conclusion of mediation, and by no later than **March 20, 2025**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **February 18, 2025**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled.

3

The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties' compliance with this case resolution plan is not optional. The fact that discovery may be ongoing or that a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.

G.    **DISCOVERY:** All general fact and expert discovery has been completed in the MDL. *See* Transfer Order, Ex. B at 44, Docket No. 7 (in *Walker*) and Docket No. 8 (in *Green*, *Jackson*, and *Byrd*). Limited case-specific discovery also occurred in the MDL, but significant case-specific fact and expert discovery is still needed. *Id.* at 44–45. Plaintiffs claim they experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere. Their claims entail complex questions of medical injury, medical causation, and personal and medical damages that implicate many diverse aspects of their medical histories. These include their cancer diagnosis, care, and follow up; any treatment for, diagnosis, or discussion of hair loss with any provider; other health issues, such as genetic, hormonal, and autoimmune issues, that bear on cancer treatment options, hair loss, and quality of life; and non-medical evidence regarding

Plaintiffs' hair and quality of life over time, including photographs and testimony from their cosmetic service providers, friends, and family.

Each plaintiff has completed a Plaintiff Fact Sheet that lists details about her case, including her alleged injuries, the date she was diagnosed with cancer, the chemotherapy regimen she received, and her employment, educational, and medical history. Sanofi, in turn, has completed a Defendant Fact Sheet in each case, which lists sales representatives who contacted the plaintiff's prescribing physician prior to her Taxotere use, call logs of each sales representative's contacts, and any applicable consulting agreement between Sanofi and the plaintiff's prescribing physician.

In *Alma Green v. Sanofi US Services Inc.*, the following additional case-specific discovery has been completed: Plaintiff has produced photographs and Sanofi has collected medical records. Plaintiff's deposition has been taken but was left open due to some outstanding photographs and medical records. The following discovery has not yet taken place: Sanofi has requested updated authorizations for the release of medical records and further documents from Plaintiff in order to complete Plaintiff's deposition and move forward with discovery. Plaintiff's prescribing physician, treating physician, and other medical professionals, friends, family, and/or cosmetic service providers will also be deposed. Sanofi may serve written discovery in the form of requests for production, requests for admission, and interrogatories. The parties will also conduct case-specific expert discovery.

In *Sylvia Jackson v. Sanofi US Services Inc.*, the following additional case-specific discovery has been completed: Plaintiff has produced photographs and Sanofi has collected medical records. The parties have also deposed Plaintiff and her prescribing physician. The following discovery has not yet taken place: Plaintiff's treating physician, other medical professionals, friends, family, and cosmetic service providers will be deposed. Parties may also

5

serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of additional medical records, risk-counseling documents, personal notes, and photographs is likely needed. The parties will also conduct case-specific expert discovery.

In *Faye Byrd v. Sanofi US Services Inc.*, the following additional case-specific discovery has been completed: Plaintiff has produced some photographs and some medical and billing records. Sanofi has requested updated authorizations for the release of additional medical records. The following discovery has not yet taken place: Plaintiff and her prescribing physician, treating physician, other medical professionals, friends, family, and cosmetic service providers will be deposed. Sanofi may also serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of risk-counseling documents, personal notes, and additional photographs is likely needed. The parties will also conduct case-specific expert discovery.

In *Janie Walker v. Sanofi US Services Inc.*, the following additional case-specific discovery has been completed: Plaintiff has produced some medical records and photographs, and Sanofi has collected some medical records. The following discovery has not yet taken place: Plaintiff and her prescribing physician, treating physician, other medical professionals, friends, family, and cosmetic service providers will be deposed. Sanofi will continue to collect medical records and may also serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of risk-counseling documents, personal notes, and additional photographs is likely needed. The parties will also conduct case-specific expert discovery.

The parties must complete all written discovery and depose all fact witnesses on or before **November 21, 2024**. Written discovery and scheduling of (setting aside dates for) depositions

must proceed promptly. Pursuant to Fed. R. Civ. P. 30(d)(1), and subject to further order, the duration of the deposition of Plaintiff shall be limited to no more than six (6) hours, the duration of the deposition of Plaintiff's prescribing physician shall be limited to no more than four (4) hours, and the duration of the deposition of any other fact witness shall be limited to no more than two (2) hours. The duration of the deposition of any expert shall be limited to no more than four (4) hours.

Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery disputes must be brought to the Court's attention and all discovery-related motions must be filed by no later than **November 21, 2024**, unless otherwise permitted by the Court.

In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the

specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H.  AMENDMENTS OR ADDITION OF PARTIES:** Defendants and Plaintiffs Sylvia Jackson and Faye Byrd dispute whether Plaintiffs Jackson and Byrd may be given leave for amendments or to add parties. The parties' respective positions are as follows:

Plaintiff Sylvia Jackson's Position: Sylvia Jackson asserts that Contrary to Defendants' position, all deadlines to amend her Complaint have not passed. Defendants are correct in stating that Plaintiff in the MDL had the opportunity to join additional parties and amend pleadings, but they fail to provide the context of the amendments which Plaintiffs sought. Specifically, Plaintiffs sought to include additional factual allegations regarding Sanofi's conduct relevant to tolling/timeliness issues and to amend the definitional allegation of PCIA because the original allegation was vague as to when Plaintiffs were aware of such definition and because when a Plaintiff's PCIA developed and/or was discoverable is inherently Plaintiff-specific, necessarily an expert/medical issue, and not tied to a particular arbitrary date. MDL R. Doc. 8334 (Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint). Plaintiffs' proposed amendment alleged that there is "no single definition" for PCIA, and therefore the amount of time to establish permanent hair loss varies from patient to patient. See Id. The Court denied Plaintiffs'

Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint on December 12, 2019. See MDL R. Doc. 8702 (Order & Reasons Denying Pls.' Mot. for Leave to File Pls.' Third Am. Master Long-Form Compl. & Jury Demand).

Currently, the only plaintiff-specific allegations set forth by Mrs. Jackson are contained in her individual short form complaint. MDL R. Doc. 1463 (PTO 73). Pretrial Order No. 105 was entered by the Court, as an influx of requests to amend short form complaints ensued following the MDL Court's denial of leave to amend the Master Complaint, in an effort to streamline the filing of amendments for statute of limitations purposes. MDL R. Doc. 10338 (PTO 105). The Order was expressly titled: "Short Form Complaint Allegations and Amendments – Statute of Limitations Order." Thus, for the purposes of making amendments relevant to the statute of limitations, PTO 105 limited the substance of what Plaintiffs would be granted leave to file to: "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Plaintiffs' position is that PTO 105 impermissibly limited the ability of Plaintiffs to allege case specific facts without conducting the necessary analysis of whether to grant leave under Rule 15. Nonetheless, the parties subsequently stipulated that Plaintiffs would "not to seek leave to amend SFCs to add or include any allegations that are inconsistent with PTO 105 or this Court's Orders addressing motions to amend SFCs, including any allegations that have been previously disallowed by the Court." MDL R. Doc. 11347. This was done to avoid the necessity of the Court having to rule on possibly hundreds or thousands of amendments. In exchange for the Plaintiffs' stipulated agreement, the Defendants agreed that if a "Defendant seeks dismissal of any case based on a statute of limitations, it agrees that it will not argue waiver based on any Plaintiff's refraining from amending her SFC to include allegations inconsistent with PTO 105, as described in paragraph 2

9

hereinabove." Id. Accordingly, there was a proverbial "pin" put on this issue. Despite this express agreement, Defendants now argue to this Court, precisely what they stipulated they would not argue, that Mrs. Jackson has waived her right to amend her complaint because the "deadline" to amend in the MDL has passed. That argument falls flat, as there has never been a case-specific deadline in Mrs. Jackson's matter for amendments of pleadings.

Furthermore, many short form complaint amendments have been accomplished after the deadline established by PTO 105 for other reasons, i.e., amending named defendants and/or amending causes of action. Thus, it is simply incorrect that all deadlines for amending complaints have passed. Rather, under Rule 54(b) this Court has vast discretion to reconsider the interlocutory ruling in PTO 105 that limited Plaintiffs' ability to seek leave to amend under Rule 15. Fed. R. Civ. P. 54(b).

The short form complaint employed in the MDL did not enumerate sections where plaintiff-specific facts were appropriate beyond having the Plaintiff identify where she lived, where she was treated, the time-period of her use of the drug in question, the time-period her injury occurred and a brief description of her injury. The short form complaint did not ask Plaintiff to assert case-specific factual information concerning when she learned the underlying cause of her injury. As such, Mrs. Jackson has been unable to plead any additional case specific facts such as when she learned of the connection between her injury and her use of Taxotere yet Sanofi seeks to dismiss her claims as set forth above on statute of limitations grounds based upon the minimal case specific allegations contained in Mrs. Jackson's short form complaint. Furthermore, when filing her short form complaint, Mrs. Jackson was bound to the pleading of those causes of action as set forth in the Master. To date, Mrs. Jackson has not had an opportunity to amend her complaint to

10

allege specific acts of concealment which hindered her (and her doctors') ability to discover the connection of her injury to Taxotere.

Plaintiff Faye Byrd's Position: Plaintiff Faye Byrd takes the same position as Plaintiff Sylvia Jackson.

Defendants' Position: Sanofi opposes Plaintiff Jackson and Byrd's requests to amend their complaints. The MDL court recognized in its Transfer Order that "[a]ll deadlines for Plaintiffs to amend their individual complaints without leave of court have passed." Transfer Order, Ex. B at 4, Docket No. 8 (in *Jackson*).

*Amendment to Add Case-Specific Facts.* Plaintiffs previously had multiple opportunities to include case-specific facts in their complaints. Ms. Jackson filed her Short Form Complaint on May 8, 2018. Docket No. 1. General discovery against Sanofi closed on December 15, 2018. *See* Transfer Order, Ex. B at 8, Docket No. 8. And the Court entered Pretrial Order 105 on May 11, 2020. Docket No. 6-51. Thus Pretrial Order 105 was entered two years after Ms. Jackson had filed her complaint and one and a half years after the close of general discovery. Yet Ms. Jackson failed to make any amendments during that time. She offers no explanation for her delay in amending her complaint before Pretrial Order 105 and the related stipulation were entered.[3]

Contrary to Ms. Jackson's assertions, the form she completed for her Short Form Complaint allowed her to provide plaintiff-specific facts and additional causes of action. *See* Short Form Compl. ¶ 12–13, Docket No. 1. Plaintiff Faye Byrd included in ¶ 13's text box a general narrative regarding when she suspected that wrongdoing caused her injuries. Short Form Compl. ¶ 13, Docket No. 1 (in *Byrd*). Ms. Jackson did not do the same. Paragraph 13 also explicitly invites

---

[3] Plaintiff Faye Byrd filed her Short Form Complaint even earlier, on December 10, 2017. Docket No. 1 (in *Byrd*). She thus had almost two and a half years to amend her complaint before Pretrial Order 105 and the related stipulation were entered.

Plaintiffs to assert additional theories or causes of action not included in the Master Complaint by selecting "Other" and describing them in the text box. Short Form Compl. ¶ 13, Docket No. 1.

Sanofi additionally disagrees with Ms. Jackson's characterization of Pretrial Order 105. That Order expressly permitted Plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals," so long as they did so by January 15, 2021. Pretrial Order 105 at 1, Docket No. 6-51; Stip. Regarding Pretrial Order 105 at 1, Docket No 6-60. Plaintiffs failed to meet this deadline and offer no explanation for their failure to do so.

*Amendment to the Definition of the Alleged Injury.* Further amendments to Plaintiffs' complaints, especially with regard to the definition of their alleged injury, would negate much of the work done in the MDL. *See* Order Den. Pls.' Mot. to File Third Am. Master Compl. at 4, Docket No. 6-45.

From the beginning, Plaintiffs' Master Long Form Complaint has defined their alleged injury—permanent chemotherapy induced alopecia—as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy." Master Long Form Compl. at 37–38, Docket No. 6-5; First Am. Master Long Form Compl. at 37, Docket No. 6-11; Second Am. Master Long Form Compl. at 36–37, Docket No. 6-26. In 2019, Plaintiffs in the MDL sought to amend the Master Long Form Complaint to change their definition of the injury to no longer manifest six months after completion of chemotherapy. Order Den. Pls.' Motion to File Third Am. Master Compl. at 2, Docket No. 6-45. The MDL court rejected their efforts, concluding that the redefinition would prejudice Defendants and undo the MDL court's work. *Id.* at 4 ("If the Court were to allow Plaintiffs to amend at this late stage, this would negate a significant amount of the

work that has been done in this MDL. Defendants would undoubtedly want to revise certain expert reports and conduct supplemental depositions, and certain rulings from the Court would be mooted."). With respect to Ms. Jackson's case, for example, Sanofi already deposed Ms. Jackson and her prescribing physician under the assumption that her injury manifested six months after completion of chemotherapy, as Plaintiffs had pleaded. If the definition changed, Sanofi would need to depose these witnesses again. The magistrate judge in the MDL also used the definition when he resolved discovery disputes. *Id.* And both Plaintiffs' and Sanofi's general experts have testified under the six-month injury definition. *See id.*

"Presumably, Plaintiffs made an informed decision to define their injury the way they originally did." *Id.* at 5. This Court should not permit Plaintiffs to do here what the MDL court already rejected. District courts throughout the country have ruled that it is too late for Taxotere plaintiffs to amend their pleadings.[4] Plaintiffs have not articulated the specific amendments they plan to make, and Sanofi sees no reason why they should be able to proceed with amending their complaints this late into the litigation.

---

[4] *See* **Ex. A** to parties' Collective and Joint Proposed Initial Case Management Order filed on November 27, 2023 (Docket No. 38 in *Green*, Docket No. 29 in *Jackson*, Docket No. 22 in *Byrd*, Docket No. 20 in *Walker*), *Smith v. Sanofi U.S. Servs. Inc.*, No. 23-22013-Civ-Scola (S.D. Fla. Aug. 1, 2023), ECF No. 23 at 1, n.1 (Scheduling Order and Order of Referral to Mediation); *Stephens v. Sanofi US Servs. Inc.*, No. 1:23-cv-01099-JPM-jay (W.D. Tenn. Aug. 22, 2023), ECF No. 35 at 2 (Scheduling Order); *Ragan v. Sanofi US Servs. Inc.*, No. 2:23-cv-01098-JPM-jay (W.D. Tenn. Aug. 22, 2023), ECF No. 32 at 2 (Scheduling Order); *Green v. Sanofi US Servs. Inc.*, No. 1:23-cv-00036 (M.D. Tenn. Aug. 24, 2023), ECF No. 25 at 4 (Initial Case Management Order). In another case, plaintiff's counsel recognized as much. *See Warth v. Sanofi US Servs. Inc.*, No. 3:23-cv-01090-JGC (N.D. Ohio Aug. 18, 2023), ECF No. 20 at 2 (Report of Parties' Planning Meeting). *See also Maxwell v. Sanofi-Aventis U.S. LLC*, 2023 WL 7115575, at *2 (N.D. Ala. Oct. 27, 2023); *Ali v. Sanofi-aventis U.S. LLC*, 2023 WL 6390592, at *3, n.1 (N.D. Cal. Sept. 29, 2023).

13

The Court finds that resolution of this issue (or these issues) requires – or at least would be aided by – additional briefing. Accordingly, by no later than **December 19, 2023**, Plaintiffs Sylvia Jackson and Faye Byrd must file a joint motion for leave to amend, which must address all issues implicated by their request, including without limitation: the procedural and substantive effect of the MDL Court's rulings on further amendments, *see e.g.* Transfer Order, *Walker* Docket No. 7, Ex. B at 2-4 and *Jackson* Docket No. 8, Ex. B at 2-4; whether preclusion or any other applicable doctrine bars further amendments; the standards for extension of amendment deadlines under Fed. R. Civ. P. 16(b)(4) and any inherent authority of the Court; and, the standards for amendments under Rule 15 generally. The identical joint motion must be filed in each of the *Byrd* and *Jackson* cases and must otherwise comply with Local Rule 7.01(a)(1) for the mandatory pre-filing conference among counsel and Local Rule 7.01(a)(2) briefing page limits.[5] Defendants shall respond to the joint motion in each case as provided for in Local Rule 7.01(a)(3). Plaintiffs Jackson and Byrd may file an optional reply in accordance with Local Rule 7.01(a)(4).

I.      **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** Plaintiff must identify and disclose all expert witnesses and expert reports on or before **December 19, 2024**. Plaintiff's expert depositions must be completed by **January 16, 2025**. Defendants must identify and disclose all expert witnesses and reports on or before **February 3, 2025.** Defendants' expert depositions must be completed by **March 4, 2025**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions

---

[5] To be clear, the memorandum of law in support of the joint motion shall not exceed 25 pages total and Defendants' response may not exceed 25 pages total.

or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C).

**J.      ADDITIONAL CASE MANAGEMENT CONFERENCES:** Subsequent case management conferences shall be held telephonically using the Court's line at  1-877-402-9753, access code 3808663#, on **January 29, 2024, at 10:00 a.m. (CT)** and **March 25, 2024, at 2:00 p.m. (CT)**, to address the following: the status of discovery (including any known or anticipated discovery issues or disputes); the prospect for settlement (including propriety of ADR); and, any other appropriate matters. By no later than **two (2) business days** in advance of the next case management conference, the parties must file a joint status report that contains at least the following information: (i) details of the parties' progress toward completion of fact discovery, including the status of written discovery, specifically what written discovery is outstanding and whether any written discovery has been completed, whether depositions have been taken or scheduled, including the number that have been taken and of whom and the number remaining to be taken, including of what particular witnesses and whether those depositions have been scheduled; (ii) whether there are any known or anticipated discovery disputes; (iii) details of the parties' attempts at resolution of the case, including whether the parties have engaged in settlement discussions and whether additional ADR is requested or anticipated; (iv) whether there are any known or anticipated matters that require or may require action by the Court, including a brief description of any such matters[6]; and, (v) any other case management details or issues that the parties wish to bring to the Court's attention. The joint status report must also either (i)

---

[6] This includes not only substantive matters such as discovery disputes, but also procedural matters, such as requested modifications of case management deadlines. If modifications of case management deadlines are requested, the status report must be filed as a joint motion, rather than as a notice, and must comply with the requirements for modifications of case management orders detailed below.

affirmatively state that the case is on track according to the case management schedule or (ii) detail the obstacles to the case proceeding on track. Counsel are equally responsible for initiating discussion of these matters for preparation of the joint status report. Any party may request or the Court may set an additional status or case management conference at any time.

**K.** **DISPOSITIVE MOTIONS:** Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **April 24, 2025**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages.

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

The following parties request leave to file a motion for partial summary judgment for the following reasons:

<u>Defendants</u>: Sanofi intends to file Rule 12(c) motions for judgment on the pleadings in all cases pending before the Court. All Plaintiffs have filed their lawsuits more than six years after the date of their pleaded injury, rendering their cases barred by Tennessee's statute of repose. Tenn. Code § 29-28-103(a). In *Green*, Plaintiff additionally failed to file within ten years of the date on

16

which the product was first purchased. *See id*. The parties have fully briefed the statute of repose issues in *Green*, and a decision in that case would be instructive for Sanofi's remaining 12(c) motions.

Sanofi does not anticipate filing partial motions for summary judgment at this time. Instead, all motions for summary judgment will be case dispositive. Sanofi anticipates filing motions for summary judgment based on Tennessee's one-year statute of limitations, the learned intermediary doctrine, and/or warnings causation. To the extent Sanofi secures plaintiff and prescriber testimony early in a case, it may request leave to file an early motion for summary judgment on one of these grounds—in an effort to preserve judicial resources and time and expense for the parties—while preserving its ability to bring a later motion for summary judgment on additional grounds. At this time, Sanofi seeks leave to file an early motion for summary judgment on the statute of limitations and statute of repose in the *Green* case if the Court denies its 12(c) motion for judgment on the pleadings based on the statute of repose. Sanofi also seeks leave to file an early motion for summary judgment on the statute of limitations, statute of repose, and the learned intermediary doctrine in the *Jackson* case.

L.    **ELECTRONIC DISCOVERY:** Before remand, the MDL court entered a stipulated Electronically Stored Information ("ESI") Protocol, which has been designated as part of the record and governs this case. MDL Court's Pretrial Order No. 49; *see also* MDL Court's Pretrial Order No. 71A. Administrative Order No. 174-1 therefore need not apply.

M.    **MODIFICATION OF CASE MANAGEMENT ORDER**: Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed

the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

**N.    REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS:** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Local Rules 5.03 and 7.01.

**O.    PRACTICES AND PROCEDURES:** The parties and their counsel must consult and abide by the terms within the Practices and Procedures Order Upon Transfer of Cases from *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-270 (LAED) entered in this case.

**P.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:[7]** The parties take the following positions on the consolidation of some or all the trials in related cases:

---

[7] The parties were reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse

Plaintiff Sylvia Jackson: Plaintiff states that because common issues have been addressed in the MDL, and given case-specific discovery and trial remain, that consolidation is neither practical nor appropriate. If the Court believes consolidation is appropriate, Plaintiff respectfully suggests that consolidation for all purposes, including for trial, would be more appropriate given the overlapping liability evidence, general causation evidence, and general witnesses and general expert testimony, as well as efficiency considerations given MDL plaintiffs are cancer survivors who have been awaiting trial for years. Plaintiff asserts that trial will take 10 (Ten) days.

Plaintiff Faye Byrd: Plaintiff Faye Byrd takes the same position as Plaintiff Sylvia Jackson.

Defendants: Sanofi opposes consolidation of any individual cases for trial. Consolidation of individual cases for trial would greatly prejudice Sanofi and confuse the jury because questions of warnings causation (i.e., proximate causation), specific causation, and company liability are highly individualized.

With respect to warnings causation, for example, each plaintiff was diagnosed with a different type of breast cancer. Each prescribing physician made an individualized determination as to what combination of chemotherapy drugs was most appropriate for that plaintiff, and what, if any, alternative combinations were available to that plaintiff. When making treatment decisions, physicians considered the plaintiff's specific type of breast cancer, the plaintiff's age, and any other medical conditions she had, among other factors. Each of these individualized decisions weigh heavily on whether a different warning would have changed the treatment course of any given plaintiff. Likewise, the specific cause of any plaintiff's hair loss rests on plaintiff's specific medical conditions, the sequence of plaintiff's treatment, and plaintiff's other breast cancer

consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

treatments, which include a variety of medications (e.g., other chemotherapies and hormone therapies) that are associated with or have reports of hair loss and permanent hair loss.

Additionally, the risk of jury confusion and prejudice to Sanofi are high when determining company liability. The treatment dates of these cases span from 2007-2010. The body of evidence upon which Plaintiffs rely to justify a label change evolved over this period. It would be difficult for a jury to compartmentalize the varying levels of evidence available to Sanofi for each specific case over this period, leading to consideration of post-treatment, irrelevant evidence.

Of all the courts overseeing Taxotere cases, none have concluded that consolidation for trial is appropriate.[8] A member of the plaintiffs' executive committee has also agreed that the individual fact patterns of each case necessitate individual trials.[9]

If the court is inclined to consolidate cases for trial, Sanofi requests that case selection and scheduling of trials be left for a later date. Sanofi believes that the vast majority of the cases are barred by Tennessee's statute of repose and will be dismissed on that basis.

Assuming the cases are each tried on an individual basis, the parties believe the following is appropriate with respect to trial time and a target trial date: the **JURY** trial of **each action** is expected to last **approximately 10 days**. A trial date no earlier than **September 29, 2025,** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the

---

[8] *See, e.g.,* **Ex. B** to parties' Collective and Joint Proposed Initial Case Management Order filed on November 27, 2023 (Docket No. 38 in *Green*, Docket No. 29 in *Jackson*, Docket No. 22 in *Byrd*, Docket No. 20 in *Walker*), *Cuaron v. Sanofi US Services Inc.*, No. 2:23-cv-04074-HDV-KS (C.D. Cal. Aug. 21, 2023), ECF No. 47 at 1–2 (Reconsideration Order re Pretrial and Trial Schedule); *Newcomb v. Sanofi S.A.*, No. 1:23-cv-1095 (N.D. Ohio July 27, 2023), ECF No. 19 at 1 (Case Management Conference Order).

[9] *See* **Ex. C** to parties' Collective and Joint Proposed Initial Case Management Order filed on November 27, 2023 (Docket No. 38 in *Green*, Docket No. 29 in *Jackson*, Docket No. 22 in *Byrd*, Docket No. 20 in *Walker*), *Vinson v. Sanofi-Aventis U.S. LLC*, No. 1:23-cv-02083-SAG (D. Md. Aug. 23, 2023), at 10:4–25 (Case Management Conference Transcript).

parties' pretrial obligations, will be entered separately by Judge Campbell at an appropriate juncture in each case.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge